UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-96-TBR

UNITED STATES OF AMERICA,     Plaintiff,

v.

ALVIN D. ROBINSON, et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Alvin Robinson has made several motions: he has moved to exclude any reference to his prior felonies; to exclude any reference to law enforcement officers' prior knowledge of Robinson's "prior legal dealings;" and to sever Count III, which charges Robinson of being a felon in possession of a handgun, from the other charges in this matter. (Docket Nos. 57, 58) The United States does not oppose Robinson's first motion, but opposes the latter two. (D.N. 84, 86) The Court will accept Robinson's stipulation to the fact that Robinson is a convicted felon, and it will bifurcate the felon in possession count from the other count to reduce the potential for prejudice. The Court will not, however, exclude any reference to police officers' prior knowledge of Robinson's "prior legal dealings" at this time, but will instead rule on that issue at trial if it presents itself.

**I.**

Robinson stipulates that he is a convicted felon. (D.N. 57) The United States "agrees to allow the defendant to stipulate that he is a felon for the purposes of proving the elements required for a conviction under 18 U.S.C. § 922(g)(1)." (D.N. 86, PageID # 269) The Court will accept the parties' agreement. *See Old Chief v. United States*, 519 U.S. 172 (1997).

## II.

Robinson requests that the Court exclude any reference to law enforcement officers' prior knowledge of Robinson's "prior legal dealings." (D.N. 57) He argues that such a reference would be "irrelevant and thus inadmissible per FRE 402." (*Id.*) Though the United States does not anticipate "introduc[ing] information about the law enforcement's prior dealings with the defendant during its case in chief," it does wish to reserve the right to do so. (D.N. 86, PageID # 269) The Sixth Circuit has found that background evidence may be permissible, so long as it "is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *U.S. v. Adams*, 722 F.3d 788, 810 (6th Cir. 2013) (internal quotation marks omitted). At this time, the Court cannot determine if a law enforcement officer's hypothetical testimony about Robinson's "prior legal dealings" meets these criteria and is thus relevant. Consequently, the Court will deny Robinson's motion at this time, but will entertain a new motion if the issue presents itself at trial.

## III.

Robinson also requests that this Court sever Count III, which charges that he was a felon in possession of a handgun, from the other charges in this matter. (D.N. 58) In the alternative, he requests that this Court bifurcate Count III from the other counts in the indictment. *Id.* In support of his request, Robinson does not argue that the joinder of the offenses in the indictment was improper. *Id.* Rather, he argues that informing the jury of his status as a felon "would be unduly prejudicial." *Id.* The United States opposes Robinson's request and contends that any possible prejudice to Robinson can be minimized by the parties stipulating that he is a convicted felon and the Court cautioning the jury that his prior felony convictions should not be used for

the improper purpose of evaluating his guilt on the other counts. (D.N. 84) The United States also suggests that this Court could avoid any potential prejudice by bifurcating Count III from the other counts in the Indictment.

Rule 14 of the Federal Rules of Criminal Procedure provides that if the joinder of offenses in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts . . . *or provide any other relief that justice requires*." Fed. R. Crim. P. 14(a) (emphasis added). "In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005). In determining whether to grant a Rule 14 motion for severance, a court must balance "the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial." *United States v. Wirsing*, 719 F.2d 859, 864–65 (6th Cir.1983) (citation omitted).

Here, the Court agrees with the United States that Robinson has not met his burden to prevail on his motion to sever as he has not shown that he will suffer "compelling, specific, and actual prejudice" if the Court refuses to grant his motion. (D.N. 84.) However, the Court believes that it would be appropriate to bifurcate Count III from the other counts in the Indictment. Trying the felon in possession count after the other counts in the Indictment would be only a minor burden on the public. It would not take much time to present the evidence of the felon in possession count to the same jury after they reach a verdict on the other counts. On the other hand, there is a real possible prejudice in the jury knowing that Robinson is a convicted felon. Therefore, the Court will grant Robinson's request for alternative relief.

Conclusion and Order

For the aforementioned reasons, Defendant's Motion to Stipulate to Prior Felonies and Exclude Any Reference to Officers' Prior Knowledge of Defendant is **GRANTED** in part and **DENIED** in part. (D.N. 57) Defendant's Motion to Stipulate to Prior Felonies is **GRANTED**. Defendant's Motion to Exclude Any Reference to Officers' Prior Knowledge of Defendant is **DENIED**.

Furthermore, Defendant's Motion to Sever or Bifurcate is **GRANTED** in part and **DENIED** in part. (D.N. 58) Defendant's Motion to Sever is **DENIED**. Defendant's motion to bifurcate is **GRANTED**.

cc: Counsel